UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **David White,**<br>2533 Gadsby Place<br>Alexandria, VA 22311<br>    Plaintiff,<br><br>v.<br><br>**Merrick Garland,** Attorney General,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>    Defendant. | Case No.: 1:24-cv-00249 |

## COMPLAINT

Plaintiff David White, by and through undersigned counsel, alleges the following violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, and Privacy Act, 5 U.S.C. § 552a, *et seq.*, as amended:

## NATURE OF ACTION

1. This is an action under the FOIA, 5 U.S.C. § 552, as amended, challenging the failure of the Department of Justice ("Agency" or "Defendant") to fulfill the request filed on behalf of the Plaintiff for records relating to Plaintiff's period of employment for Defendant.

2. This case seeks declaratory relief that the Defendant is in violation of FOIA for failing to respond to Plaintiff's request for records in a timely manner, and injunctive relief that the Defendant immediately and fully comply with Plaintiff's request under FOIA.

3. This case further seeks the Plaintiff be awarded reasonable attorneys' fees and legal costs incurred in pursuing this litigation, pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

## PARTIES

4. Plaintiff, David White is a United States citizen who resides in Alexandria, VA. Plaintiff is a former employee of the Defendant.

5. Defendant is an agency within the meaning of 5 U.S.C. § 552(f). The Defendant has possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

## JURISDICTION AND VENUE

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C), because the Agency has missed its deadline to produce documents. *See also Nurse v. Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002) (FOIA "recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines.").

9. On October 4, 2022, Plaintiff submitted a document request under the Freedom of Information Act and Privacy Act to the Department of Justice (DOJ) Executive Office for Immigration Review (EOIR). (Case No. 2023-00329.)

10. On November 14, 2022, the request was closed.

11. On December 2, 2022, Plaintiff appealed the closure of his FOIA request to the DOJ Office of Information Policy. (Case No. 2023-00363.)

12. On April 21, 2023, the Office of Information Policy remanded Plaintiff's request "for a further search or responsive records." (Case No. 2023-48756.)

13. On September 29, 2023, Plaintiff received an Interim Response which included production of documents.

14. On November 16, 2023, Plaintiff received a final determination that his request was closed.

15. On November 16, 2023, Plaintiff appealed the final determination regarding his FOIA request because Defendant's production was incomplete. (Case No. 2023-02721.)

16. As of the filing of the Complaint, the Agency has not notified Plaintiff of any determination regarding Plaintiff's appeal.

## STATUTORY FRAMEWORK

17. FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

18. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

19. FOIA, 5 U.S.C. § 552(a)(6)(B), permits a 10-day extension of time to respond in certain "unusual circumstances."

20. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal but must provide written notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

## FACTS

21. On or around June 30, 2022, via counsel, Plaintiff submitted a FOIA request to the Agency seeking the following records:

3

a. Complaints.

   i. Any informal or formal complaints filed against Judge White.

   ii. Internal communications among EOIR employees regarding those complaints.

   iii. Any informal or formal responses provided by Judge White to EOIR regarding complaints filed against him.

   iv. Investigations conducted by EOIR into complaints filed against Judge White, or Judge White's responses thereto.

   v. EOIR's disposition of complaints filed against Judge White, or Judge White's responses thereto.

   vi. Reports to EOIR that complaints filed against Immigration Judges were politically motivated or constituted harassment, intimidation, or abuse of the complaint process.

   vii. Communications regarding Immigration Judges between EOIR employees and outside, private attorneys including but not limited to Eileen Blessinger, Ellennita Hellmer, Alina Kirkpatrick, Anam Rahman, and Richard Vilmenay.

   viii. EOIR's investigation of and responses to all reports that complaints filed against Immigration Judges were politically motivated or constituted harassment, intimidation, or abuse of the complaint process, including but not limited to its investigations of and responses to the following:

      1. Judge White's Memorandum in Response to Complaint 1709.

      2. Judge White's August 31, 2021, Memorandum in Response to Ellennita Hellmer's complaint relating to A# 206 717 881

      3. Judge White's Memorandum in Response to Complaint Number 1695.

    4. Judge White's Memorandum in Response to Complaint Number 1710.

    5. Judge White's November 15, 2021, Memorandum in Response to Anam Rahman's complaint.

ix. Audio recordings, video recordings, and transcripts from any hearings referenced in complaints about Judge White, including but not limited to the following:

    1. Hearing A# 202 140 295, which was the subject of Complaint Number 1708, filed by Anam Rahman, and Judge White's response thereto.

    2. Hearings A# 208 752 322, A# 206 572 723, and A# 078 781 388, which were the subject of Complaint Number 1709, filed by Eileen Blessinger, and Judge White's response thereto.

    3. Hearings A# 208 905 311 and A# 206 717 881, which were the subject of Complaints filed by Ellennita Hellmer, and Judge White's response thereto.

    4. Hearing A# 028 210 430, which was the subject of Complaint Number 1710, filed by Richard Vilmenay, and Judge White's response thereto.

    5. Hearing held on October 23, 2020 at approximately 4:05 p.m., which was the subject of a Complaint filed by Alina Kirkpatrick. Hearing and Complaint numbers are unknown.

    6. Any hearing referenced in Complaint Number 1750.

    7. The October 2, 2020, hearing for Xochilt Diaz Lopez.

x. EOIR policies and procedures relating to the filing and processing of formal complaints against Immigration Judges.

    xi. Any laws or regulations governing filing and processing of formal complaints against Immigration Judges.

b. Job Performance.

    i. Guidance or directives provided to Judge White concerning the substance of his decisions or his behavior during hearings.

    ii. Judge White's performance as an Immigration Judge including, but not limited to, performance evaluations.

    iii. Judge White's conduct as an Immigration Judge including, but not limited to, performance evaluations.

    iv. Judge White's suitability to be converted to a permanent appointment.

    v. The decision not to convert Judge White to a permanent appointment.

    vi. For every Immigration Judge in the Arlington Immigration Court, a breakdown of cases decided by each judge that includes: (1) the Judge's name, (2) counsel that appeared in front of the Judge for that matter, (3) the type of relief sought, (4) the outcome of the matter – i.e., was the requested relief granted, and (5) the date the decision was made.

c. Permanent Appointments.

    i. EOIR policies and procedures relating to temporary appointment of Immigration Judges.

    ii. EOIR policies and procedures relation to decisions to convert temporary appointments of Immigration Judges to permanent positions.

    iii. Identification of Immigration Judges who were converted from a term appointment to a permanent appointment.

  iv. Identification of Immigration Judges who were not converted from a term appointment to a permanent appointment.

  v. Identification of Immigration Judges who were newly appointed to a term or permanent appointment.

  vi. Identification of Immigration Judges who EOIR terminated or attempted to terminate.

22. On or around October 4, 2022, Plaintiff perfected his FOIA request by filing subsequent documentation.

23. On November 14, 2022, the request was closed.

24. On December 2, 2022, Plaintiff appealed the closure of his FOIA request to the DOJ Office of Information Policy.

25. On April 21, 2023, the Office of Information Policy remanded Plaintiff's request "for a further search or responsive records."

26. On September 29, 2023, Plaintiff received an Interim Response which included production of documents.

27. As relevant, EOIR's Interim Response stated the following:

> A search was conducted and records responsive to Items 1, 2, 8, and 9 of the Complaints section, Items 1, 2, 3, 4, and 5 of the Job Performance section, and Items 1, 2, 3, 4, 5, and 6 of the Permanent Appointments section of your request were located. We are granting partial access to the responsive records. Additional documents will be provided as they become available.
>
> Also, upon review of the records, it was determined that some of the records were originated from a different DOJ component. Those records have been forwarded to the Office of Policy Information for a release determination and direct response to you. Accordingly, EOIR has closed this request.
>
> Portions of the enclosed records have been redacted in accordance with FOIA Exemption 5, 5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the deliberative process privilege, attorney work-

7

product doctrine, and/or the attorney-client privilege.

Additionally, portions of the enclosed records have been redacted in accordance with FOIA Exemption 6, 5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

28. The Agency's use of exemptions under 5 U.S.C. § 552(b)(5) and (b)(6) appear to have resulted in the improper withholding or redacting of numerous documents.

29. There is no Privacy Act exemption identified.

30. One of the documents produced was a memorandum dated May 3, 2022, with the document title "Probationary_Report_Memo-IJ_David_White.dhw_updated_05.03.2022.2022.docx."

31. The entirety of the 12-page memorandum is redacted, relying on exemption (b)(5) (privilege).

32. The memo was a recommendation by a supervisor about whether to continue with Plaintiff's employment.

33. The Agency has not indicated what type of privilege it believes to be implicated by the information in the memo at issue.

34. It would not be properly subject to a discovery withholding under the principle of privilege.

35. On November 16, 2023, Plaintiff received a communication entitled "Final Response."

36. On November 16, 2023, Plaintiff appealed the Final Response (a-2024-00358).

**PLAINTIFF'S CLAIMS FOR RELIEF**

**COUNT 1**
Failure to Promptly Produce Records Under the Freedom of Information Act
(5 U.S.C. § 552(a)(3)(A), (a)(8)(A)(ii))

37. Plaintiff repeats and realleges every allegation in the Complaint.

38. Plaintiff, through counsel, properly appealed Defendant's final determination regarding his FOIA request on November 16, 2023.

39. Defendant has not provided a determination to the Plaintiff as to whether the Agency intends to respond to the Plaintiff's appeal.

40. Defendant has also not produced the requisite records to Plaintiff in response to his FOIA request.

41. Defendant's search was not reasonably calculated to uncover all relevant documents, and/or Defendant acted in bad faith.

42. Plaintiff properly exhausted administrative remedies.

43. The Agency violated FOIA's mandate to release agency records to the public by failing to release the records Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), 552(a)(4)(B).

44. The Agency improperly applied exemptions under 5 U.S.C. § 552(b)(5) and (b)(6).

45. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in Plaintiff's FOIA request.

**COUNT 2**
Failure to Conduct Adequate Search Under the Freedom of Information Act
(5 U.S.C. § 552(a)(3)(C))

46. Plaintiff repeats and realleges every allegation in the Complaint.

47. Plaintiff, through counsel, properly appealed Defendant's final determination regarding his FOIA request on November 16, 2023.

48. Defendant has not provided a determination to the Plaintiff as to whether the Agency intends to respond to the Plaintiff's appeal.

49. Defendant has also not produced the requisite records to Plaintiff in response to his FOIA request.

50. Defendant's search was not reasonably calculated to uncover all relevant documents, and/or Defendant acted in bad faith.

51. Plaintiff properly exhausted administrative remedies.

52. The Agency violated FOIA's mandate to release agency records to the public by failing to release the records Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), 552(a)(4)(B).

53. The Agency improperly applied exemptions under 5 U.S.C. § 552(b)(5) and (b)(6).

54. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in Plaintiff's FOIA request.

## COUNT 3
Failure to Meet Statutory Deadlines Under the Freedom of Information Act
(5 U.S.C. § 552(a)(6)(A)(i))

55. Plaintiff repeats and realleges every allegation in the Complaint.

56. Plaintiff, through counsel, properly appealed Defendant's final determination regarding his FOIA request on November 16, 2023.

57. Defendant has not provided a determination to the Plaintiff as to whether the Agency intends to respond to the Plaintiff's appeal.

58. Defendant has also not produced the requisite records to Plaintiff in response to his FOIA request.

59. Plaintiff properly exhausted administrative remedies.

60. Plaintiff is not required to exhaust otherwise applicable administrative remedies with respect to the Agency's failure to respond within the statutory time period.

61. The Agency violated FOIA's mandate to release agency records to the public by failing to release the records Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), 552(a)(4)(B).

62. The Agency improperly applied exemptions under 5 U.S.C. § 552(b)(5) and (b)(6).

63. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in Plaintiff's FOIA request.

## CONCLUSION

64. WHEREFORE, Plaintiff respectfully requests this Court:

   a. Declare that the Defendant violated FOIA by failing to lawfully satisfy Plaintiff's June 30, 2022, FOIA request;

   b. Order Defendant to process and release immediately all records responsive to Plaintiff's June 30, 2022, FOIA request at no cost to Plaintiff;

   c. Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records are wrongfully withheld;

   d. Award Plaintiff his reasonable attorney's fees and litigation costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

   e. Award Plaintiff compensatory relief for damages Plaintiff has suffered due to Defendant's violation; and

   f. Award any additional relief the Court deems just.

Dated: January 28, 2024                    Respectfully submitted,

                                           /s/ Tamara Slater
                                           Tamara L. Slater [#1616337]
                                           Alan Lescht & Associates, P.C.
                                           1825 K Street NW, Suite 750
                                           Washington, DC 20006
                                           (202) 539-9308
                                           Tamara.Slater@leschtlaw.com

                                           *Counsel for Plaintiff*